SOUTHERN TELEGRAPH CO. v. ALABAMA GREAT SOUTHERN RAILROAD CO.

**Construction of Code Sections.**

> The Code of 1880 which re-enacted, consolidated, and revised the provisions of law relating to the construction of telegraph lines, repeals all former acts of the Legislature relating thereto.[1]

This is a proceeding authorized by an act of the Legislature of the State of Mississippi, entitled "An act to facilitate the construction of telegraph lines in the State of Mississippi." Approved April 5, 1876, page 229, sheet Acts of 1876.

The record shows that all the requirements of that act were strictly complied with. The monition and notice were issued and executed as therein provided for, commissioners were summoned,

---

[1] Section 3, chapter 1, Code of 1880, reads as follows: " From and after the said 1st day of November, 1880, all acts and parts of acts, the subjects whereof are revised, consolidated and re-enacted in this Revised Code, or repugnant to the provisions contained therein, shall be, and the same are hereby repealed, subject, however, to any express regulations relating thereto, which may be contained in this Code."

The Act of 1863 (Laws, p. 146) prohibiting railroads from making contracts limiting their common-law liability was repealed by not being brought forward in the Code of 1871. Railroad Co. v. Weiner, 49 Miss. 725.

Repeal by implication is not favored. The former law, unless changed by express enactment or clear implication, remains in force. Pons v. State, 49 Miss. 1; Beard v. Lee County, 51 Miss. 542; Smith v. Vicksburg, 54 Miss. 615; Deaton v. Burchard, 59 Miss. 144; Board of Education v. Aberdeen, 56 Miss. 518.

Every affirmative statute is a repeal by implication of a precedent affirmative statute so far as it is contrary though there are no repealing or negative words. Gibbons v. Brittenum, 56 Miss. 232.

The Act of February 8, 1890 (Laws, p. 124), entitled " An act to pay off and fund the outstanding debt of Bolivar county and to provide a revenue therefor, and for other purposes," was not revised, consolidated, and re-enacted

selected, and sworn, as directed by the act. Proof was intro-
duced by petitioner, by the introduction of two witnesses, experts
in the building and operation of telegraph lines, who swore that
an *easement* was desired for the erection of a line of telegraph
poles, sixty yards apart, along the right of way of the defendant
from Meridian, in Lauderdale county, to the Alabama State line,
where defendant's railroad crosses the same between the States
of Mississippi and Alabama; that the poles would be twenty-five
feet long, five feet in the ground, and thirty feet from the center
of the railroad track; and thus erected, no damage could be done
or could accrue to the railroad or to other telegraphic lines, ex-
cept in competition for business; that the railroad would be bene-
fited by the carrying of the material, officers, and employees of
the telegraphic company, besides by the facilities for the trans-
mission of their own orders, etc., in the event their line should,
at any time, get out of repair; that railroad companies frequently
gave to petitioner the right of way when not hampered by previous
contracts with the Western Union Telegraph Company, and in
some instances, when the railroad companies are not so ham-
pered, they were enabled to make contracts for the right to erect
their line mutually agreeable, without resorting to legal proceed-
ings, but in this instance, petitioner had been unable to effect any
arrangements whatever with the defendant; that no actual dam-
age could be done the defendant by the erection of their poles as

in the Code of 1892, nor are its provisions repugnant to any contained in said
Code, and, being a purely local law, it was not repealed thereby. Code 1892,
§§ 2, 3, and 8; Jones *v.* Melchior, 71 Miss. 115, 13 So. 857.

The subject of said act of 1882 is the conferring of power on cities of a
certain class to impose privilege taxes, and, the act being repugnant to
section 3412, Code 1892, embracing the same subject, and restrictive of the
power of municipalities in that regard, was repealed by section 3 of the Code.
Vicksburg *v.* Insurance Co., 72 Miss. 67, 16 So. 257.

Although a statute be not repugnant in all its provisions to a prior one,
yet if the later statute was clearly intended to prescribe the only rule that
should govern in the case provided for, it repeals the original act. Myers *v.*
Marshall Co., 55 Miss. 344; Gibbons *v.* Brittenum, 56 Miss. 232.

Laws 1882, p. 22, chap. 16; Id., p. 19, chap. 15; and Laws 1884, p. 24, chap.
18— one of which acts was to "define the duties of the superintendent of the
penitentiary, and for other purposes," and the other "To provide against the
mal-treatment of convicts" were repealed by Code 1892, chaps. 23, 101, which
"revised, re-enacted, and consolidated" the whole subject relating to the
leasing of the convicts, abolished the system, and vested the control of con-
victs in a board of control. State *v.* Jenkins, 73 Miss. 523, 19 So. 206.

stated, occupying only one square foot of ground for each pole, the poles being sixty yards apart; that petitioner had succeeded in building its line from New York city to Selma, Ala., and had obtained the right of way along the E—— T—— V—— and G———— railroad from Selma to the State line, between the States of Alabama and Mississippi, and the purpose of this proceeding was to obtain the right of way from that point to Meridian, and thence on to New Orleans. There was no other testimony offered — the defendant offered none whatever — and the commissioners returned their award, giving to the defendant the sum of $5. This proceeding was had on the 1st day of October, 1884. On the 8th of October, defendant filed a motion to set aside the award and grant a new trial or inquest under and by virtue of section 11 of the Act of 1876. Upon the hearing of the motion, a new inquest was ordered, from which plaintiffs appeal.

APPEALED from Circuit Court, Lauderdale county, S. H. TERRAL, Judge.

Dismissed, May 4, 1885.

*Attorneys for appellant, Woods & McIntosh.*

*Attorney for appellee, John W. Fewell.*

Brief of Woods & McIntosh:

This is a proceeding authorized by an act of the Legislature of the State of Mississippi, entitled "An act to facilitate the construction of telegraph lines in the State of Mississippi." Approved, April 5, 1876.

The record shows that all the requirements of that act were strictly complied with.   *   *   *

But the learned counsel for the defendant in this court, for the first time, raises the point that the Act of 1876, under which this proceeding was had, was repealed by the Code of 1880. The court will remember that he would not insist upon it, but merely submitted it for the consideration of the court. He is too good a lawyer to seriously contend for such a proposition — that the Act of 1876, containing full, complete, and minute provisions for

the condemnation of the right of way for telegraph companies desirous of erecting lines in this State, was repealed by section 3, chapter 1, Code of 1880, inasmuch as chapter 38, Code of 1880, being "An act in relation to corporations and other associations," contains, in sections 1065–1070 of that act, some general provisions authorizing the construction of telegraph lines in this State, and prescribing certain duties and fixing certain penalties, but not at all referring to the subject for which ample provision is made in the Act of 1876, to-wit: the method of acquiring a right of way by a telegraph company desiring to erect a line in Mississippi.

The whole of the Act of 1876 is an elaborate scheme, providing in all its details for the methods to be pursued by a telegraph company desiring to acquire a right of way on which to erect its contemplated lines. The Code of 1880, so far from revising, consolidating, and re-enacting any pre-existing laws on the subject of acquiring a right of way by any telegraph company desiring to erect its lines in this State, is absolutely silent on that subject, thus leaving the Act of 1876 in full force.

To say that chapter 38 of the Code of 1880 repeals the Act of 1876 is equivalent to asserting that the Code of 1880, in chapter 38, prescribes the method of acquiring the right of way by telegraph companies in this State. The most casual observation of the Code will satisfy the most ardent repealer that this subject is not at all treated of in the Code, either in chapter 38 or elsewhere. If the Act of 1876 is repealed, it can confidently be affirmed that there is now no law of this State under which a new telegraph company can erect its lines and do business in this State. For, surely, no one will put himself in the untenable position of holding that, when section 1065 of the Code of 1880 declares that all companies incorporated for the purpose of constructing telegraph lines in this State shall be authorized to construct the same, etc., there must not be first a legal condemnation of a right of way on which and along and over which such construction may be had. To assert this fallacious proposition is to assert that the Code attempts to authorize an appropriation of private property by a telegraph company for a right of way, without first making just compensation therefor to the owner. The bare statement of the proposition carries with it its own refutation.

But all argumentation is idle. It is quite as profitable to un-

dertake to prove that two and two makes four, or that the sun is not apparent to us when concealed from our gaze by a bank of cloud. The mere statement that the method of acquiring a right of way by a telegraph company is not a subject treated in the Code of 1880, and that it is the sole subject of the Act of 1876 referred to, will be sufficient to settle the point, if reference to the Acts of 1876 and to the Code of 1880 shall bear out the statement. It is not a matter for argumentation. It is not a matter of construction of statutes. It is only matter for reference and verification whether there be, indeed, any statute on a given subject in a given Code.    \*    \*    \*

Surely it will not be contended that section 1067, Code of 1880, provides for damages for the condemnation of the right of way of a telegraph line. That section only gives the owner a remedy. In Thompson *v.* Grand Gulf Bank, 3 How. 240, Judge Sharkey says: " It was not designed by the Constitution simply to give the owner a remedy; nor is it a compliance with the Constitution for the Legislature to provide a means by which the owner may acquire compensation."    \*    \*    \*

Brief of John W. Fewell:

The Act of 1876, under which the proceedings of appellant were instituted, was repealed by the Revised Code of 1880.

The subject of the Act of 1876 is " revised, consolidated, and re-enacted " by the Code of 1880 (§ 1065 *et seq.*), within the meaning of section 3 of said Code. The statute (§ 1065 *et seq.*) points out the means by which the right of way for telegraph companies may be condemned.    \*    \*    \*

OPINION.— CAMPBELL, C. J., delivered the opinion of the court:

The act, entitled "An act to facilitate the construction of telegraph lines in the State of Mississippi," approved April 5, 1876, was repealed by the Code of 1880.

Section 3 of that Code, in connection with sections 1065–1070, produced that result. M. & O. R. Co. *v.* Weiner, 49 Miss. 725.

Sections 1065–1070 of the Code of 1880 were merely transferred from the Code of 1871, into which they were copied literally from the Code of 1857, and they rest on the theory that

constructing a telegraph line is not such a taking of private property as to require due compensation to be first made to the owner. Whether that theory is maintainable is not the question now before us. It is manifest that the subject of the right of way for telegraph lines was dealt with by the Legislature in the Code of 1880, and that the provisions of law on that subject were " revised, consolidated, and re-enacted " in the Code, and, it follows, that sections 1065–1070 contain the only statutory provisions on that subject intended to be preserved.

It follows from this view that the act under which this case was brought was not in force when it was commenced, and, therefore, it is dismissed.